CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 3 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **REGAN DWAYNE REEDY**, *et al.*, | Case No. 7:12-cv-00212 |
| Plaintiffs, | **STATEMENT AND ORDER** |
| v. | |
| **CHRISTIANSBURG TOWN**, *et al.*, | By: James C. Turk<br>Senior United States District Judge |
| Defendants. | |

Regan Dwayne Reedy ("Reedy") and others have brought this action seeking, *inter alia*, a declaratory judgment declaring them exempt from all state and local laws. Reedy has now forwarded a proposed summons to the Clerk of the Court. *See* ECF No. 4. For the reasons set forth below, the Clerk is hereby **ORDERED** to refrain from issuing the proposed summons.[1]

I.   **Requirements for a Summons**

A properly executed summons must, among other things:

(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint

Fed. R. Civ. P. 4(a)(1). The Plaintiffs' proposed summons does not state the name and address of the plaintiffs or plaintiffs' attorney. Moreover, they have proposed only a single summons

---

[1] The Court is mindful of its duty to liberally construe *pro se* pleadings. Haines v. Kenner, 404 U.S. 519 (1972). In the spirit of that duty, the Court today issues an unusually lengthy statement in relation to a routine procedural issue in an attempt to help guide the *pro se* Plaintiffs in complying with the rules of the Court.

1

which appears to be directed at all defendants. Finally, Plaintiffs have attached a "respondent list" which includes such diverse entities as the Queen of England, the Universal Postal Union, the Supreme Court of the United States, and the President, none of which are named defendants.

## II. "John Doe" Defendants

The Complaint in this matter names four defendants: (1) the Town of Christiansburg; (2) the County of Montgomery; (3) the Commonwealth of Virginia; and (4) the County of Pulaski. It also lists, purportedly as separate defendants, "states et al."; "commonwealths et al."; "county{s} et al.," and "town{s} et al." Compl., May 11, 2012, ECF No. 1 at 1. The Court interprets the listing of these unnamed defendants as the *pro se* Plaintiff's attempt to name "John Doe" defendants, who are yet unknown to the Plaintiffs but whose identities the Plaintiffs reasonably believe will be revealed through the discovery process. *See generally* Newdow v. Roberts, 603 F.3d 1002, 1010 (D.C. Cir. 2010); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The Clerk, however, cannot issue a summons for any person or entity that is not actually named in the Complaint. *See* Fed. R. Civ. P. 4(a)(1)(B) (summons must be directed to the *defendant*). A list of random entities attached to a proposed summons cannot suffice. If and when the Plaintiffs learn the identities of these "John Doe" defendants, they may seek leave to amend their Complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure. Moreover, if and when Plaintiffs file an amended complaint naming other specific defendants, they may then forward proposed summonses for those defendants to the Clerk, who, assuming the summonses are properly completed, will issue them with her signature and seal. *See* Fed. R. Civ. P. 4(b).

2

### III. Duty to Serve Summons

The Court notes that the Plaintiffs appear to be under the impression that it is the Clerk's duty to serve the Summons and Complaint upon the named defendants. Plaintiffs Cherokee Nation of Indians and Cherokee Country government appear to believe that it is the Clerk's duty to effectuate service on their behalf, reasoning that because they are sovereign nations, all the political subdivisions of Virginia, the United States, and other sovereign states of the world are foreign to the Cherokee Nation and thus trigger the Clerk's duty to assist in serving process in accordance with 28 U.S.C. § 1608 ("Section 1608"). This interpretation is misguided. It is clear from the legislative history that the meaning of "foreign state" in Section 1608 refers to states that are *foreign to the United States*. *See* H.R. Rep. No. 94-1487, at 11 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6609–10. Moreover, even if the Plaintiffs *had* named defendants who were foreign to the United States, the Clerk's duty to forward summonses to the Secretary of State under Section 1608(a)(4) does not attach until and unless the Plaintiffs have complied with the requirements in subsections (a)(1) through (a)(3). There is no evidence they have done so here.

The Plaintiffs have paid the filing fee and have not sought leave to proceed *in forma pauperis*. *Cf.* 28 U.S.C. § 1915. Accordingly, it remains the Plaintiffs' duty to properly serve a summons and copy of the complaint upon each of the named defendants. *See* Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

### IV. Only Individuals May Proceed Without Counsel in this Court.

Regan Dwayne Reedy is not a member of the Bar of this Court and is proceeding *pro se*. The right of individual litigants to proceed without counsel is well-established. *See* 28 U.S.C. §

3

1654. However, the Complaint in this case states that "regan dwayne Reedy shall be present in the court as counsel." Moreover, the proposed summons Reedy has presented to the Clerk appears to be on behalf of the Cherokee Nation of Indians and the Cherokee Country government. Reedy most surely has a right to represent himself in this Court, and he will be permitted to do so. However, he will not be permitted to represent any other persons before the Court. Plaintiffs Susan Annette Reedy, Meagan Elaine Reedy, and Candice Noel Reedy must either retain licensed counsel or represent themselves in this action. Additionally, Plaintiffs Cherokee Nation of Indians and Cherokee Country must retain an attorney to represent their interests.[2] *See* Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . the lower courts have uniformily held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") If the Plaintiffs fail to expeditiously comply with these instructions, their claims may be summarily dismissed.

## V.     Conclusion

For the foregoing reasons, the Court finds that the proposed summons is materially deficient. Accordingly, the Clerk is **ORDERED** to refrain from issuing the proposed summons and to return it to the Plaintiffs. The Plaintiffs are advised that if they wish the Clerk to issue summonses in this civil action, they must prepare summonses that conform to Rule 4(a) of the Federal Rules of Civil Procedure and forward them to the Clerk for application of her signature

---

[2] Additionally, no attorney may practice before this Court unless he or she is admitted to the Bar of this Court or associates with a member of the Bar of this Court. *See* W.D. Va. Gen R. 6.

and seal. The Plaintiffs are further advised that they are required to prepare a *separate* summons for *each of the named Defendants* in this action.

The Clerk is additionally directed to forward a copy of this Statement and Order together with a blank copy of Form AO 440, Summons in a Civil Action, to the Plaintiffs via U.S. Mail.

**IT IS SO ORDERED.**

ENTER: This 23rd day of May, 2012.

*/s/ James C. Turk*
Senior United States District Judge